

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable F. M. Cowsert
Director of Law Enforcement
Game, Fish and Oyster Commission
Austin, Texas

Opinion No. 0-7047
Re: Whether a search warrant may
be issued to search a grain
elevator, in which it is be-
lieved that a deer, illegally
killed, has been concealed,
and related questions.

Dear Sir:

    This is in reply to your letter of January 17, 1946,
requesting our opinion on certain questions hereinafter quoted.
Your letter also contains your brief on the questions asked, which
has been very helpful to us in arriving at this opinion.

    "I. May a search warrant be issued to search a
grain elevator, where it is believed that a deer,
illegally killed, has been concealed?"

    Article 305 of our Code of Criminal Procedure provides
that a search warrant may be issued to discover property ac-
quired by theft or in any other manner which makes its acquisi-
tion a penal offense.

    Article 307 provides:

    "The word 'stolen', as used in this title, is
intended to embrace also the acquisition of property
by any means made penal by the law of the State."

    Article 308 provides:

    "When it is alleged that the property was ac-
quired other than by theft, the particular manner of
its acquisition must be set forth in the complaint
and in the warrant."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT



Article 871a of the Penal Code declares all wild animals within the borders of this State to be the property of the people of this State. There are numerous statutes in our Penal Code restricting the right to kill wild deer in this State and affixing punishment to the violation thereof. The carcass of a deer acquired by killing it in violation of the Game Law or in any other manner prohibited by the laws of this State is personal property acquired in a manner which makes its acquisition unlawful.

It is our opinion that a search warrant may be issued to search a grain elevator, where it is believed that a deer, illegally killed, is concealed.

"2. May such search warrant so issued be executed by any peace officer?"

Article 317, C. C. P., provides:

"Any peace officer to whom a search warrant is delivered shall execute it without delay and forthwith return it to the proper magistrate. It must be executed within three days from the time of its issuance, and shall be executed within a shorter period if so directed in the warrant by the magistrate."

It is therefore our opinion that such search warrant may be executed by any peace officer of this State.

"3. May such search warrant so issued be executed by a game and fish warden?"

We quote from our Opinion No. 0-6271:

"The Game, Fish & Oyster Commission, and its deputies, which are commonly referred to as 'game wardens' are public officers of the State of Texas and as such the law has placed upon them the special duty to 'enforce the statutes of this state for the protection and preservation of wild game and wild birds . . .' Article 906, Vernon's Annotated Penal Code of Texas. While these officers have not been legally endowed with the general authority of the

ordinary peace officer in this State, they have been given substantial enforcement powers within their own enforcement field. We note that they may arm themselves in the official discharge of their duties and that they may serve criminal process in cases of violations of the game laws with the same authority as the sheriff. Articles 483 and 905, V. A. P. C. Also, they 'may arrest without a warrant any person found by them in the act of violating any of the laws for the protection and propagation of game, wild birds or fish. . . .' Article 905, V. A. P. C. Furthermore, a game warden may search a 'game bag or other receptacle' and 'any buggy, wagon, automobile, or other vehicle' without a warrant when he 'has reason to suspect' that it 'may contain game unlawfully killed or taken.' Articles 897 and 923d, V. A. P. C."

Since the statutes (Arts. 897 and 923d of the Penal Code) authorize game wardens to serve only criminal process in cases of violations of the game laws, it is necessary to determine whether, under our law, such a search warrant is a "criminal process."

"The term 'criminal process' is intended to signify any capias, warrant, citation, attachment or any other written order issued in a criminal proceeding, whether the same be to arrest, commit, collect money, or for whatever purpose used." C. C.P. Art. 26.

"When employed, a search warrant is one of the initial steps in a criminal proceeding. As in the case of a warrant of arrest, a search warrant is criminal process; it is issued to aid in the detection or suppression of crime. Employment of such a warrant in a criminal proceeding may be as important as a warrant of arrest; and in bringing to the investigation all of the evidence showing guilt, it may become more important than a warrant of arrest." 38 Tex. Jur. p. 33, citing Bloss v. State (Crim.App.) 75 S. W. (2d) 694.

It is therefore our opinion that such search warrant may be executed by a game and fish warden.

Hon. F. M. Cowsert, page 4

"4. May a game and fish warden search a grain elevator, where it is believed that a deer, illegally killed, has been concealed, without a search warrant?"

The answer to this question depends upon whether a grain elevator comes within the meaning of the phrase "or other receptacle of any kind", as used in said Articles 897 and 923d referred to above. We note that in these statutes the words "or any other receptacle of any kind" follow immediately after the words "the game bag" and are followed by the words "or any buggy, wagon, automobile or other vehicle". We believe that the meaning of the words "or any other receptacle of any kind" as used in these statutes, is restricted by the rule of statutory construction known as the doctrine of ejusdem generis. The rule and its application are stated thus in 39 Texas Jurisprudence, page 202, et seq.:

"The doctrine of ejusdem generis (of the same kind) imports that general words following an enumeration of particular or specific things will be confined to things of the same kind. In brief, the general words so used are not to be construed in their widest sense, but are to be held as applying only to persons or things of the same kind and class as those enumerated. Such words will not be held to include things of a class superior to that to which the particular words belong.

"The ejusdem generis doctrine is a general or 'prime' rule of statutory construction, employed as an aid in determining the intention of the Legislature. It is applicable both to civil and criminal statutes, but more especially to statutes defining crimes and regulating punishments." Zucarro v. State 82 Crim. Rep. 1; 197 S. W. 982; L. R. A. 1918B 354. Ex parte Roquemore, 60 Crim. Rep. 282; 131 S. W. 1101; 32 L. R. A. (N. S.) 1186. Ex parte Muckenfuss, 52 Crim. Rep. 467; 107 S. W. 1131.

The Supreme Court of the United States has held that the words of a statute giving a mechanic's lien on a "building", "lot", "farm" or "any kind of property not herein enumerated", are too limited in their scope to justify the conclusion that the Legislature had any intention, by that Act, to give a lien

upon railroad property. Bumcombe County Commissioners vs. Tommey, 5 Sup. Ct. 626, 629; 115 U. S. 122; 29 L. Ed. 308.

A grain elevator clearly does not come within the class of receptacles enumereted in the statute here considered.

It is therefore our opinion that said Articles do not authorize a game warden to search a grain elevator without a search werrant.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By   W. R. Allen

W. R. Allen,
Assistant.

WRA:rt

APPROVED JAN 30 1946

FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN